IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DAVID PATE,

    Petitioner,

v.                                                                       Case No. 5:19-cv-00600

DAVID L. YOUNG, Warden,
FCI Beckley,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is David Pate's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's § 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## PROCEDURAL BACKGROUND AND PETITIONER'S CLAIM

A.    **Petitioner's conviction and prior post-conviction filings.**

On December 29, 2015, Petitioner pled guilty in the United States District Court for the Southern District of Ohio to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), as set forth in an Information filed on December 9,

2015. *United States v. Pate*, No. 3:15-cr-00170, ECF No. 11-14.[1] (ECF No. 10, Ex. G). Petitioner's plea agreement contained a stipulation/statement of facts acknowledging that, prior to his possession of a firearm on November 2, 2015, he been convicted of at least one felony offense punishable by more than one year in prison. (*Id.* at 6).[2] As demonstrated by the documents offered by Respondent, on April 25, 2011, Petitioner pled guilty to a charge of felonious assault causing serious bodily harm in violation of Ohio Rev. Code 2903.11(A)(1) and, on June 10, 2011, he was sentenced to two years of imprisonment for that felony conviction. (*Id.*, Exs. A-C). Petitioner's federal Presentence Investigation Report ("PSR"), which is filed in this matter under seal, indicates that Petitioner served 22 months in prison on that sentence. (*Id.*, Ex. E, filed under seal at ECF No. 13 at 14, ¶ 37).

On May 4, 2016, Petitioner was sentenced to a 90-month term of imprisonment by the Ohio federal court. (ECF No. 10, Ex. F). Petitioner did not file a direct appeal. However, on October 19, 2016, he filed a motion pursuant to 28 U.S.C. § 2255 asserting claims of ineffective assistance of counsel. *United States v. Pate*, No. 3:15-cr-00170, ECF No. 26 (S.D. Ohio Oct. 19, 2016). As noted by Respondent, Petitioner did not challenge his knowledge of his prohibited status in that motion. The § 2255 motion was ultimately denied on February 21, 2017. *Id.*, ECF No. 36. Petitioner did not appeal that decision.

---

1 Respondent's brief mistakenly cited this case number as 3:15-cr-70.
2 Petitioner's federal plea agreement also indicates that, on October 6, 2009, Petitioner was also convicted on one count of "Trafficking in Heroin (1g but less than 5g) (vicinity of a school or juvenile)," which is presumed to be a felony offense punishable by more than one year. (ECF No. 10, Ex. G). However, Petitioner's PSR indicates that he served less than one year in jail on that offense, and Respondent's brief focuses on the felonious assault conviction as the predicate felony. (ECF Nos. 10 and 13 at 11, ¶ 32).

2

B.     **The instant petition for writ of habeas corpus.**

On August 19, 2019, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 via the "savings clause" of 28 U.S.C. § 2255(e). (ECF No. 1). He contends that, considering the Supreme Court's interpretation of 18 U.S.C. § 922(g)(1) in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), requiring proof beyond a reasonable doubt that a defendant knew of his status as a felon at the time he possessed a firearm, the evidence of record is inadequate to sustain his § 922(g)(1) conviction. (*Id.* at 9). Petitioner further contends that he can meet the criteria of § 2255(e) to have his claim reviewed through a § 2241 habeas corpus petition. (*Id.* at 11-16). Specifically, Petitioner contends that the *Rehaif* decision renders his conduct in support of his § 922(g)(1) conviction non-criminal and that, had he known of the *mens rea* element, he would not have pled guilty and that "it is more likely than not that no reasonable jury would have convicted him." (*Id.* at 14). Therefore, he asserts that his § 922(g)(1) conviction should be vacated to allow him to "plead anew." (*Id.* at 7).

As ordered by the court, on December 9, 2019, Respondent filed a response to the petition (ECF No. 10) and Petitioner filed a reply on January 2, 2020 (ECF No. 14), both of which will be discussed in greater detail *infra*. The matter is ripe for adjudication.

## ANALYSIS

Petitioner's claim challenges the validity of his conviction, not the execution of his sentence. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction. Petitioner previously filed an unsuccessful § 2255 motion. Thus, he would likely be procedurally barred from filing another § 2255 motion unless he can meet certain limited criteria.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id.* at 332. Thus, the denial of Petitioner's prior § 2255 motion, standing alone, will not permit this court to review his claim under § 2241.

Accordingly, for Petitioner to pursue such relief under § 2241, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is

4

<u>deemed not to be criminal</u>; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-334 (emphasis added). If Petitioner cannot satisfy all these factors, the court lacks jurisdiction to consider his claim under § 2241 and his petition should be dismissed. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

In interpreting the phrase "this circuit," the Fourth Circuit has held that the substantive law of the circuit court in which Petitioner was convicted and sentenced controls. *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.") Here, because Petitioner was convicted in the Southern District of Ohio, Sixth Circuit substantive law applies to his claim.

Petitioner contends that, at the time of his conviction, settled Sixth Circuit law did not require the government to prove that a defendant knew of his prohibited status at the time of possession of a firearm. *See United States v. Davis,* 27 F. App'x 592, 600 (6th Cir. 2001); *United States v. Beavers*, 206 F.3d 706, 710 (6th Cir. 2000). (ECF No. 1 at 12). He further contends that the Supreme Court's decision in *Rehaif* is a new interpretation of statutory law, decided after his opportunity to file a direct appeal and a timely § 2255, which rendered him "actually innocent" of a § 922(g)(1) offense. (*Id.* at 12-16).

As noted *supra*, in *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of

5

persons barred from possessing a firearm." 139 S. Ct. at 2200. Petitioner argues that he was not advised of this *mens rea* requirement concerning his status and that his plea agreement "failed to garner any evidence that [he] knew of his prohibited status when he possessed the firearm in question." (ECF No. 1 at 15). Therefore, he claims that his § 922(g)(1) conviction is improper. He further asserts that *Rehaif* is not a new rule of constitutional law that would permit him to raise his claim through a second or successive § 2255 motion, as permitted by 28 U.S.C. § 2255(h)(2). (*Id.* at 16). Therefore, he contends that § 2255 is inadequate and ineffective to test the legality of his detention, permitting review under § 2241.

Respondent concedes that Petitioner can satisfy the *Jones* criteria and that this court has jurisdiction over his § 2241 petition. Nonetheless, Respondent maintains that the failure of Petitioner's charging document and plea agreement to reference the *mens rea* element was harmless error and, therefore, his § 2241 petition should be denied and dismissed on the merits. (ECF No. 10 at 3-6).

Respondent asserts that the failure of the charging document and plea agreement to reference the *mens rea* element did not have a "substantial and injurious effect or influence" on the outcome of Petitioner's prosecution because his plea agreement contained an admission that he had been convicted of a felony offense before he possessed the firearm in question. Respondent further contends that, because Petitioner was a felon in possession of a firearm, he cannot demonstrate "factual innocence" of his § 922(g)(1) offense. Therefore, Respondent asserts that Petitioner cannot demonstrate a "fundamental defect" in his conviction resulting in a "miscarriage of justice" and there is no basis to vacate his conviction. (*Id.* at 5-6).

Petitioner's reply brief asserts that the new statutory interpretation of the *mens rea* element for § 922(g) offenses set forth in *Rehaif* results in a fundamental defect that is not harmless error because the failure to address the knowledge requirement denied him the ability to assert a potential defense to the charges instead of pleading guilty. (ECF No. 14 at 2-3). His reply speculates that, had he known of the *mens rea* element, he might have been able to argue a "mistaken misimpression" that only a first-degree felony could disqualify lawful firearm possession under the Second Amendment. Thus, he postulates that he could have made a valid "mistake of law" defense to his § 922(g)(1) charges. (*Id.*)

For this court to have subject matter jurisdiction to review his claim on the merits, Petitioner must meet all three of the criteria set forth in *Jones*. 226 F.3d at 333-34. Because this determination is "jurisdictional," if the court finds that Petitioner cannot satisfy all three *Jones* elements, Respondent's concession that there is jurisdiction under § 2241 to review his claim is of no moment. As noted by our sister court:

> "A federal court . . . cannot exercise subject matter jurisdiction based merely on the legal positions taken by the parties before it. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that because "no action of the parties can confer subject-matter jurisdiction upon a federal court . . . the consent of the parties is irrelevant"). **A district court has an independent duty to ensure that jurisdiction is proper and to dismiss a case whenever it appears that subject matter jurisdiction is lacking**. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). The magistrate judge acknowledged Respondent's concession that Midkiff satisfied the savings clause requirements as articulated in *Jones* and then addressed Midkiff's claim on the merits. (ECF No. 23 at 9 n.5). As noted above, however, the government's position as to whether a § 2241 petitioner has satisfied the savings clause "is irrelevant to [a court's] resolution" of that

7

> issue. *Rice*, 617 F.3d at 806-07. Accordingly, the court considers whether Midkiff has satisfied the requirements set for in *Jones*.

*Midkiff v. Warden, FCI-Edgefield*, No. 8:19-cv-2656-TMC, 2020 WL 3651591, at *3 (D.S.C. July 6, 2020) (emphasis added).

Petitioner's claim clearly satisfies the first and third prongs of *Jones*. First, settled law at the time of his conviction established the legality of his conviction. *See United States v. Conley*, 802 F. App'x 919, 922 (6th Cir. 2020) ("Prior to *Rehaif*, . . . we did not require the government to prove that the defendant knew of his prohibited status when he knowingly possessed a firearm."). Furthermore, *Rehaif* was a decision of statutory interpretation, not constitutional law. Thus, Petitioner cannot satisfy the gatekeeping provisions to raise this claim in a second or successive § 2255 motion. *See Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) (*Rehaif* did not announce a new rule of constitutional law); *see also United States v. Clements*, No. 2:17-CR-20640-1, 2021 WL 2646114, at *2 (E.D. Mich. June 28, 2021); *In re Wright*, 942 F.3d 1063, 1064-65 (11th Cir. 2019) (per curiam) ("*Rehaif v. United States* did not announce a new rule of constitutional law but rather clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2).") (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (per curiam)).

However, the Supreme Court recently decided *Greer v. United States*, 141 S. Ct. 2090, 2097 (June 14, 2021), which held that a defendant who had stipulated to his felon status did not demonstrate that his substantial rights were affected due to a *Rehaif* error in jury instructions.[3] Moreover, since *Rehaif* was decided, a number of courts within

---

3 The *Greer* Court overruled the Fourth Circuit's finding of structural error and held that, "in felon-in-

the Sixth Circuit have held that being a felon in possession of a firearm is still a valid criminal offense and that substantial rights have not been violated where a defendant has admitted to that conduct. *See, e.g., United States v. Grayer,* No. 20-5842, 2021 WL 3813198, at *4 (6th Cir. Aug. 26, 2021) (finding no violation of substantial rights where defendant stipulated to prior felony offenses); *Kerr v. Ormond*, No. 6:19-cv-170-REW, 2020 WL 7028706, at *3 (E.D. Ky. Nov. 30, 2020) (denying § 2241 petition based upon *Rehaif* and finding that stipulation to or admission of a prior felony permits inference of knowledge of prohibited status and forecloses actual innocence claim); *Clark v. Gilley*, No. 6:20-cv-076-DCR, 2020 WL 1644022, at *4 (E.D. Ky. Apr. 2, 2020) (denying § 2241 petition brought under savings clause because stipulation to prior felony convictions satisfied *mens rea* element required by *Rehaif* and, thus, petitioner could not demonstrate actual innocence); *see also Allen v. Dobbs*, No. 20-6471 (4th Cir. Aug. 10, 2021) (unpublished) (per curiam) (affirming dismissal of a § 2241 petition raising *Rehaif* claim under the savings clause based upon the Supreme Court's decision in *Greer*). Moreover, as aptly noted by the court in *Midkiff*, "*Rehaif* requires the government to prove that [a defendant] knew that he was a convicted felon, not that he knew it was against the law for him to have a firearm." 2020 WL 3651591, at *4 (citing *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020)). Here, Petitioner has not asserted that he did not know he was a felon. Rather, his arguments focus on whether he knew that it was against the law for him to possess a firearm.

---

possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100.

Petitioner pled guilty to the § 922(g)(1) charge and stipulated in his plea agreement that he had been convicted of a felony offense prior to possessing the firearm in question. (ECF No. 10, Ex. G). Thus, he has the burden of showing that, had he been correctly advised of the *mens rea* element concerning his status, there is a "reasonable probability" that he would not have pled guilty because he did not believe or know he was a felon and that the outcome of his proceedings would have been different. *Greer*, 141 S. Ct. at 2097. The *Greer* majority further noted:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb . . . based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." [*United States v. Gary*, 963 F.3d 420, 423 (4th Cir. 2020)] (Wilkinson, J., concurring in denial of reh'g en banc) . . . A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden . . . of showing a "reasonable probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

*Id.* Although *Greer* was decided on direct review, to succeed with his claim on collateral review, Petitioner must similarly demonstrate that, but for the failure to advise him of the *mens rea* requirement of knowledge of his status as a felon at the time he possessed the firearm, he would not have pled guilty and would have insisted on going to trial, which he does no more than speculate about here.

Through his guilty plea, Petitioner acknowledged his prohibited status at the time he possessed the firearm in question. Therefore, he cannot satisfy the second prong of *Jones* because the conduct to which he pled guilty is still criminal and he acknowledged his status as a felon through his guilty plea. Accordingly, the undersigned proposes that

10

the presiding District Judge **FIND** that, because Petitioner cannot satisfy all the *Jones* criteria, he has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his detention. Therefore, his claim is not proper for consideration under 28 U.S.C. § 2241 and he is not entitled to habeas corpus relief on his *Rehaif* claim in this court. Moreover, Petitioner likely cannot satisfy the criteria under § 2255(h)(2) to have his claim authorized for review in a second or successive § 2255 motion. Therefore, it would be futile to transfer this matter to Petitioner's sentencing court or the Sixth Circuit for further review under § 2255.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's § 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.

Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

March 4, 2022

Dwane L. Tinsley
United States Magistrate Judge

13